

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NUMEREX CORP.,

          Plaintiff

-against-

SCOTT ROSENZWEIG and GARY NADEN,

          Defendants.

Civil Action No. _____

**COMPLAINT**

**JURY TRIAL DEMANDED**

## INTRODUCTION

1. Plaintiff Numerex Corp. ("Numerex") brings this action to recover damages from, and for declaratory judgment against, Scott Rosenzweig and Gary Naden for breach of their fiduciary duties and breach of their respective employment agreements (the "Severance Agreements"), and for declaratory judgment that they have terminated their employment without good reason under the Severance Agreements.

2. This action is related to the action Orbit One Communications, Inc. ("Old Orbit One") and David Ronsen ("Ronsen") filed against Numerex (the "Ronsen Complaint"). In the Ronsen Complaint, Old Orbit One and Ronsen allege, *inter alia*, Numerex breached the agreement whereby it acquired the assets of Old Orbit One.

3. Numerex filed an answer and counterclaims to the Ronsen Complaint (the "Numerex Complaint"). In the Numerex Complaint, Numerex alleged that Ronsen breached fiduciary duties owed to Numerex as an executive and that Old Orbit One and Ronsen were in breach of the same asset purchase agreement.

4. These matters are captioned *Orbit One Communications, Inc., and David Ronsen v. Numerex Corp.*, Civil Action No. 08-0905 (LAK) (S.D.N.Y.).

## JURISDICTION AND VENUE

5.  The court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

6.  Jurisdiction and venue are proper in this District pursuant to 28 U.S.C. § 1391(b) and because the agreements at issue each specify, in section 15, that Naden and Rosenzweig consent to personal jurisdiction and venue in this Court.

## PARTIES

7.  Numerex is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania.

8.  On information and belief Rosenzweig is a resident and citizen of the State of Montana.

9.  On information and belief Naden is a resident and a citizen of the State of Montana.

## FACTS

10. Numerex is a provider of machine-to-machine, or "M2M," services. An M2M system uses a device to capture real-time data about an asset such as the location of a car or the flow rate of petroleum at a well-head. The M2M device relays the data to a centralized computer system for monitoring and analysis.

11. Naden and Rosenzweig are former employees of Old Orbit One but remain shareholders of that company. Naden and Rosenzweig were employees of Numerex until terminating their employment by letter dated June 4, 2008.

12. As of July 31, 2007, Old Orbit One sold substantially all its assets to a subsidiary of Numerex pursuant to an Asset Purchase Agreement (the "APA"). Numerex operates its Satellite Division as a virtual business unit.

**The Rosenzweig and Naden Employment Agreement**

13. When Numerex acquired Old Orbit One, it agreed to employ Rosenzweig and Naden as executives. The terms of their employment were set forth in the Severance Agreement that each of them separately entered into with Numerex as of July 31, 2007.

14. Rosenzweig was hired on a full-time basis as Vice President, Business Development of the Satellite Division. Naden was hired as Vice President, Chief Technology Officer. Both were given "powers and responsibilities incident to" their respective positions and agreed to "diligently and competently perform" their duties, as assigned to them by the Satellite Division President and other members of Numerex's senior management. Rosenzweig Agreement § 1(a); Naden Agreement § 1(a).

15. Numerex agreed to pay Rosenzweig an annual base salary of $175,000. Rosenzweig was also eligible to receive an annual cash bonus of up to $50,000, based on the Satellite Division's achievement of certain sales objectives. Rosenzweig was also eligible to receive an additional bonus of $25,000 based on the Satellite Division and Numerex reaching certain financial goals as set by the Numerex Board of Directors (the "Management Business Objectives").

16. For Naden, Numerex agreed to pay an annual base salary of $175,000. In addition, Naden was eligible to earn two cash bonuses. The first, a $50,000 annual cash bonus, was based on the Satellite Division's reaching certain financial targets set forth in the APA. Specifically, Naden would earn 25% of this bonus if the Satellite Division

reached 100% of the revenue targets set forth in the "Earn Out Matrix" (discussed further below). Naden earned the remaining 75% if the Satellite Division reaches 100% of the EBITDA objectives in the Earn Out Matrix. Naden was eligible to receive a second annual cash bonus of $25,000 based on the Management Business Objectives for the Satellite Division and Numerex being reached.

17. Both Rosenzweig and Naden were hired as at-will employees. Numerex could end their employment "For Cause," a term defined in their Severance Agreements to include being "habitually and grossly negligent in the performance of his duties hereunder or engages in willful misconduct in the performance of his duties hereunder." Rosenzweig Agreement § 3(a); Naden Agreement § 3(a).

18. Under their Severance Agreement, Rosenzweig or Naden could end their employment "for Good Reason" or "without Cause." "Good Reason" is defined in each of their employment agreements as "a material breach by [Numerex] of any of its obligations to [Rosenzweig/Naden] under this Agreement" which is not cured within a certain time after written notice being given. Rosenzweig Agreement § 3(a); Naden Agreement § 3(a).

19. Both Rosenzweig and Naden are subject to similar "Non-Competition" provisions whereby they agreed to avoid engaging in certain activities during and after their employment, including:

- To own or be connected with any business with which Numerex was doing business with during the year prior to termination.

- To interfere with or attempt to entice away from Numerex any customers with agreements entered into before termination as well as all related contractual renewals and re-solicitations.

- To interfere with any agreement with current or prospective customers with whom Numerex is negotiating with at the time of termination.

- To hire or to help in any way with the hiring of any Numerex employee.

- To solicit or attempt to solicit away from Numerex any Numerex customer or joint venture partner.

Rosenzweig Agreement § 5(a); Naden Agreement § 5(a).

20. The Length of the Non-Competition period varies depending on the circumstances of departure: 6 months following termination "Without Cause" by Numerex or for "Good Reason" by Naden or Rosenzweig; 1 year following termination "Not For Good Reason" by Naden or Rosenzweig; 2 years following termination "For Cause" by Numerex.

**Earn Out Payments Under the APA**

21. Part of the consideration of the APA was Old Orbit One's potential to be paid in cash and Numerex stock (so-called "Earn Out" payments under the APA) based on the Satellite Division reaching certain financial targets set forth in the "Business Plan." The "Business Plan" (an Exhibit to the APA) sets forth the expectations of Old Orbit One and Numerex for the operation of the Satellite Division for 3 years after closing the APA. The Business Plan contains carefully negotiated financial targets for the Satellite Division, including yearly revenue and EBITDA targets. These financial targets are linked to the Earn Out payments Numerex would be obligated to make to Old Orbit One under the APA. The amount due would vary based on the extent to which the Satellite Division met, fell short of, or exceeded the Business Plan's financial targets. This sliding scale is the Earn Out Matrix referenced above.

22. Rosenzweig and Naden are shareholders of Old Orbit One. They benefit financially from payments Numerex makes to Old Orbit One pursuant to the Earn Out.

**The Satellite Division Performs Poorly**

23. Soon after entering into the APA it became apparent to Ronsen, Rosenzweig and Naden that it would be difficult for the Satellite Division to achieve the Earn Out financial targets.

24. The ability of the Satellite Division to achieve these financial targets depended in large part on sales of the Satellite Division's new product, the SX-1. Sales of the SX-1, however, were poor. In fact, in the seven months after the APA closed, the Satellite Division sold 141 SX-1 units, an amount well below the many thousands of units projected in the Business Plan.

25. By the beginning of October 2007, Ronsen, Rosenzweig and Naden understood that if the Satellite Division continued to perform as it had, the Business Plan's financial targets would not be reached, Old Orbit One would not receive Earn Out payments, and their financial benefit derived from the APA would be substantially less than if the full Earn Out targets were reached.

26. To ensure Old Orbit One received the maximum amount due under the Earn Out, Ronsen, with the assistance of Rosenzweig and Naden, put into action a plan to blame Numerex for the Satellite Division's failure. By blaming Numerex for the Satellite Division's failure to meet the Earn Out Objectives, Defendants hoped that Numerex would be required to pay Old Orbit One the full Earn Out amount whether or not it was actually earned.

27. Specifically, on October 5, 2007, Ronsen delivered a ten-page, single-spaced letter to Numerex senior management. Rosenzweig and Naden aided Ronsen in preparing this letter.

28. The October 5 letter echoed many of the themes and allegations that later appeared in Ronsen's lawsuit against Numerex. Ronsen accused Numerex of not complying with its obligations under the APA and reducing his duties as president of the Satellite Division. These false accusations were inserted into the letter to afford Old Orbit One relief from its contractual commitments in the APA to receive Earn Out payments only by the Satellite Division achieving the Earn Out financial targets.

29. Rosenzweig and Naden helped Ronsen draft the October 5 letter. They reviewed drafts of the letter. They took advantage of their position as Numerex executives to solicit from other Satellite Division employees complaints about Numerex to insert into the October 5 letter. They inserted allegations into the letter concerning Numerex's alleged failure to provide marketing and sales support and erecting administrative roadblocks to the alleged proper functioning of the Satellite Division.

30. Upon information and belief, Rosenzweig and Naden participated with Ronsen in numerous additional false complaints to Numerex, orally and in writing, for the further purpose of enhancing their own financial objectives of receiving the Earn Out payments without regard to whether or not the Satellite Division achieved the Earn Out's financial targets. On information and belief, they exacerbated difficulties associated with the integration of the Satellite Division into Numerex. They systematically undermined to Satellite Division employees Numerex efforts to institute robust accounting and personnel procedures required of Numerex as a publicly listed company under the

Sarbanes-Oxley Act. They resisted Numerex efforts to create a uniform set of contracting policies for entering into contract terms with customers, claiming it impeded their efforts to sell Satellite Division products.

**Rosenzweig and Naden Terminate Their Employment**

31.     On January 7, 2008, Old Orbit One and Ronsen filed suit against Numerex alleging breach of the APA and for breach of Ronsen's employment agreement. The Ronsen Complaint contains numerous false allegations, and the preparation and prosecution of the Complaint constituted a breach of Ronsen's fiduciary duties, by which Ronsen placed his own financial interests ahead of those of Numerex. On information and belief, including admissions by Rosenzweig and Naden, Defendants assisted, aided and abetted Ronsen in preparing that Complaint.

32.     On information and belief, during the period January through June 2008, Rosenzweig and Naden communicated regularly with Ronsen. These communications were in violation of instructions to Rosenzweig and Naden by Numerex executives.

33.     On March 10, 2008, Numerex answered and filed counterclaims against Old Orbit One and Ronsen for breach of the covenant of good faith and fair dealing under the APA and against Ronsen individually as a Numerex executive for breach of fiduciary duty.

34.     Due to Old Orbit One being in breach of the APA, Old Orbit One forfeited its right to any Earn Out payments under the APA. Accordingly, Numerex ceased making additional payments to Old Orbit One subsequent to filing its answer and counterclaims.

35. Numerex paid Rosenzweig and Naden bonuses for 2007 due under their employment agreements. On April 15, 2008, Numerex paid Rosenzweig and Naden their Management Business Objectives bonuses referenced in section 1(e) of their Severance Agreements. On April 30, 2008, Numerex paid Rosenzweig and Naden their annual bonuses referenced section 1(d) of the Agreements.

36. By letter from counsel dated June 4, 2008, Rosenzweig and Naden terminated their employment with the Satellite Division. They cited alternative provisions of their Severance Agreements, claiming that Numerex had "constructively" terminated them without "Cause" and that they were acting with "Good Reason."

37. Both Rosenzweig and Naden complained that were not given "power and responsibilities customarily incident" to their positions as Satellite Division executives by, for example, not being involved in certain unidentified "critical decisions" and being given "no discretion" while at the same time being left "to their own devices" in performing their jobs. These statements and others in the June 4 letter are false. They were designed to invoke the "Good Reason" and "without Cause" termination clauses.

38. In their June 4 letter, both Rosenzweig and Naden complained that Numerex breached the Severance Agreements by failing to make Earn Out payments to Old Orbit One. This is false as well. The Severance Agreements of Rosenzweig and Naden are not integrated with the APA. Section 11 of Rosenzweig's Agreement, entitled "Entire Understanding," provides:

> This document and any exhibit attached along with that certain Intellectual Property and Confidentiality Agreement dated on or about the date hereof constitute the entire understanding and agreement of the parties with respect to Mr. Rosenzweig's employment and any and all prior agreements, understandings, and representations are hereby terminated and canceled in the entirety and are of no further force and effect.

Rosenzweig Agreement § 11.

39. Section 11 of the Naden Agreement is identical in all material respects.

40. Further, during negotiation of the Severance Agreements, the parties specifically did not integrate the two documents in order to achieve certain tax treatment for the payments made thereunder.

## CLAIMS FOR RELIEF

### First Claim For Relief
### (Breach of Fiduciary Duty)

41. Numerex hereby incorporates by reference, as if fully stated herein, each and every one of the foregoing paragraphs.

42. As executives of Numerex, Rosenzweig and Naden owed fiduciary duties of loyalty, care and good faith to Numerex. They were required to refrain from acting against the best interests of Numerex in order to benefit either themselves, Old Orbit One or Ronsen.

43. Rosenzweig and Naden assisted Ronsen in developing his lawsuit against Numerex. They helped him draft the October 5 letter which was designed to strengthen Old Orbit One position in litigation with Numerex, not to improve the Satellite Division. They helped him draft other communications with Numerex that were prepared with litigation in mind. They failed to devote their full time and effort to the business of the Satellite Division. They did so in order to enrich themselves as shareholders of Old Orbit One.

44. Their assistance in helping Ronsen manufacture evidence against Numerex is a breach of their fiduciary duties of loyalty, care and good faith to Numerex.

They have assisted, aided and abetted Old Orbit One and Ronsen in their lawsuit against Numerex.

45. Numerex is entitled to recover any and all damages it has sustained as a result of Rosenzweig and Naden's breaches, including recovery of their entire salary, all benefits and payments made pursuant to the Earn Out from the time of their first disloyal act, net any set-offs.

### Second Claim for Relief
### (Breach of Contract)

46. Numerex hereby incorporates by reference, as if fully stated herein, each and every one of the foregoing paragraphs.

47. Rosenzweig and Naden have breached the covenant of good faith and fair dealing in their respective Severance Agreements. They have taken actions to help Ronsen bolster Old Orbit One's lawsuit against Numerex instead of devoting their full time and efforts to the business of the Satellite Division. They have taken advantage of their position as executives of Numerex to undermine morale at the Satellite Division and to create a poisonous relationship between the Satellite Division and senior Numerex management.

48. Numerex was entitled to Rosenzweig and Naden completely and faithfully implementing Numerex's policies and procedures. Instead, Rosenzweig and Naden exacerbated difficulties in integrating the Satellite Division into Numerex's policies and procedures in order to enhance Old Orbit One's lawsuit against Numerex.

49. As a direct and proximate result of Rosenzweig and Naden's breaches, Numerex has been forced to dispatch other Numerex senior management to the Satellite

Division to ensure proper implementation of Numerex policies and procedures. Numerex is entitled to recover these damages, which cannot yet be quantified.

50. For these reasons, Numerex is entitled to recover any and all damages sustained by it and resulting from Rosenzweig and Naden's breaches, net of any set-offs.

### Third Claim For Relief
### (Declaratory Judgment)

51. Numerex hereby incorporates by reference, as if fully stated herein, each and every one of the foregoing paragraphs.

52. An actual controversy has arisen and exists between Numerex on the one hand and Rosenzweig and Naden on the other as to whether Numerex has breached its obligations to Rosenzweig and Naden under their Severance Agreements.

53. Section 2(a) of their respective Severance Agreements sets forth various circumstances which constitute termination for "Cause" by Numerex. Section 3(a) sets forth the circumstances that constitute "Good Reason" by Rosenzweig and Naden to terminate their employment with Numerex.

54. Numerex requests that the Court construe the Severance Agreement and declare that Numerex did not constructively terminate the employment of Rosenzweig and Naden "without Cause" and that Rosenzweig and Naden terminated their employment without "Cause," rather than for "Good Reason."

55. Therefore, Numerex is entitled to a declaration that:

56. Numerex did not engage in any conduct that gave Rosenzweig or Naden "cause" to terminate their employment. In fact, Numerex has met its obligations to Rosenzweig and Naden under the Severance Agreement.

57. Rosenzweig and Naden did not have "good reason" to terminate their employment with Numerex. In particular, Numerex not making Earn Out payments to Old Orbit One does not constitute a breach of the Rosenzweig or Naden Severance Agreements.

## DEMAND FOR JURY TRIAL

Numerex demands trial by jury for all issues so triable.

## CLAIMS FOR RELIEF

WHERFORE plaintiff Numerex respectfully requests that judgment be entered in its favor, as follows:

A. Disgorgement by Rosenzweig and Naden of the value of all compensation and benefits received by them from Numerex since the date they began breaching their fiduciary duties;

B. An award of compensatory damages in an amount to be proved at trial, plus interest;

C. Punitive damages commensurate with Rosenzweig and Naden's disloyal conduct;

D. Declaratory relief that Rosenzweig and Naden terminated their employment without "Good Reason" and that Numerex did not "constructively" terminate their employment "without Cause" under Rosenzweig and Naden's Severance Agreements.

E. Attorney's fees and costs; and

F. Such other relief as may be just and proper.

Dated: New York, New York
       July 9, 2008

                                    ARNOLD & PORTER LLP

                                    By _____
                                         Kent A. Yalowitz
                                         *Kent.Yalowitz@aporter.com*
                                         Brandon H. Cowart
399 Park Avenue
New York, NY 10022-4690
Telephone: (212) 715-1000
Facsimile: (212) 715-1399

*Attorneys for Plaintiff Numerex Corporation*

- 14 -