UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ORBIT ONE COMMUNICATIONS, INC., and DAVID RONSEN,<br><br>     Plaintiffs,<br><br>- against -<br><br>NUMEREX CORP.,<br><br>     Defendant. | 08-CV-0905 (LAK) (JCF) |
| NUMEREX CORP.,<br><br>     Plaintiff,<br><br>-against-<br><br>SCOTT ROSENZWEIG and GARY NADEN,<br><br>     Defendants. | 08-CV-6233 (LAK) (JCF) |

**DECLARATION OF KENT A. YALOWITZ IN SUPPORT OF NUMEREX CORP.'S MOTION FOR RETURN OF STOLEN DOCUMENTS AND SANCTIONS**

Kent A. Yalowitz declares under penalty of perjury:

1. I am member of the law firm of Arnold & Porter LLP, counsel for Numerex Corp. in the above-captioned actions. I submit this declaration in support of Numerex Corp.'s Motion for Return of Stolen Documents and Sanctions and to certify my good faith efforts to resolve the dispute at issue without the need of the Court's intervention.

2. On July 24, 2008, I participated in a telephonic conference call with Matthew Savare, counsel for plaintiffs Orbit One Communications, Inc. and David Ronsen. The purpose of the call was to confer regarding the plaintiffs' objections to

Numerex's first set of document requests. During this call, Mr. Savare and I discussed, among other matters, plaintiffs' objection to producing documents not in their custody or in the custody of Numerex. I asked Mr. Savare if this objection meant that David Ronsen had in his possession information which he had copied while employed by Numerex. Mr. Savare stated that he did now know the answer to my question but would investigate the matter and would provide a follow up response. My letter of July 24 summarizing our call is attached hereto as Exhibit A.

3. By letter dated August 4, Mr. Savare responded to matters left open from our July 24 conference call. *See* Cowart Decl., Ex. 7. In this letter, Mr. Savare disclosed that Mr. Ronsen had copied and then removed information from Numerex's server. On August 5, 2008, I reviewed the August 4 letter and then responded by letter that day. *See* Cowart Decl. Ex. 8. In my letter, I informed Mr. Savare that Mr. Ronsen had taken this information without Numerex's approval or even awareness of his actions. I requested that Lowenstein Sandler cease reviewing the information and that the information be returned.

4. In response to my letter, on August 6, 2008, Mr. Savare wrote that plaintiffs would not return the misappropriated information, information which they have deemed to be "presumptively privileged." Cowart Decl. Ex. 20. Subsequently, I participated in a telephonic conference call with Mr. Savare on August 6 in an unsuccessful attempt to resolve the dispute. A summary of our meeting is set forth in my August 8 letter to Mr. Savare. Cowart Decl. Ex. 9.

5. On August 13, 2008, counsel for plaintiffs, John McFerrin-Clancy, wrote to me reiterating plaintiffs' refusal to return all information removed by Mr. Ronsen. Mr.

McFerrin-Clancy agreed to abide by Mr. Savare's earlier representation that plaintiffs' counsel would cease examining the disputed materials until the Court has resolved the dispute.

6. I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, NY
August 27, 2008.

_____
KENT A. YALOWITZ

Exhibit A

# ARNOLD & PORTER LLP

Kent A. Yalowitz
Kent_Yalowitz@aporter.com
212.715.1113
212.715.1399 Fax

399 Park Avenue
New York, NY 10022-4690

August 8, 2008

Matthew Savare
Lowenstein Sandler PC
65 Livingston Avenue
Roseland, NJ 07068-1792

Re:  *Orbit One Communications, Inc. and David Ronsen v. Numerex Corp.*

Dear Matt:

Thank you for your letter of August 6. I write to follow up on our conversation of that day. As I explained to you in some detail in that conversation, the question of waiver of attorney-client privilege by virtue of the transfer of documents to Numerex on August 1, 2007 has been in the case from the outset. I promised, during those discussions, that we would not review the documents in issue until *after* we resolved the claim of privilege.

John wrote me a letter dated April 28, in which he argued that *even though* Orbit One sold the documents to Numerex, Orbit One's privilege was intact. The April 28 letter made no suggestion of any kind that Ronsen had surreptitiously removed documents from Numerex in the fall of 2007, while he was a fiduciary of Numerex.

We responded in a letter from Brandon Cowart dated May 16. We argued that the privilege had been waived and advised that we would consider ourselves free, starting May 30, to review the documents.

On May 29, John and I had a conversation before our conference call with Judge Francis. John followed that conversation with an e-mail on June 4 in which he confirmed the proposal "concerning the documents in Numerex' possession over which we assert a privilege," agreeing to waive claims of privilege and allow Numerex to use them in discovery. I accepted that proposal.

At no time before your letter of August 4 did we have any inkling that the documents that we *thought* were *still* in Numerex's possession had been removed by Ronsen. Now that we know that, we have a few questions:

a. When did Ronsen remove the documents from Numerex?

b. Who assisted Ronsen with the removal?

c. Did Ronsen or anyone else make copies of any such documents?

Washington, DC   New York   London   Brussels   Los Angeles   Century City   Northern Virginia   Denver

# ARNOLD & PORTER LLP

Matthew Savare
August 8, 2008
Page 2

      d. When did Ronsen advise Lowenstein that he had removed the documents?

      e. When did Ronsen provide the documents to Lowenstein?

      f. Who has reviewed the documents?

      g. Have any documents been deleted?

      h. If so, when and by whom?

    Obviously, this issue is of great urgency and importance to us. Please respond as soon as possible.

Best regards,

Kent A. Yalowitz

cc:   Andrew J. Ryan
       Brandon H. Cowart